**Jeremiah GEANEY and Garvin Dale White, Plaintiffs-Appellants,**

v.

**Norman CARLSON, et al., Defendants-Appellees.**

No. 84–2914.

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1985.

Decided Oct. 28, 1985.

Nancy Horgan, Carbondale, Ill., for plaintiffs-appellants.

Richard Lloyd, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., Benton, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, EAST-ERBROOK, Circuit Judge, and WRIGHT, Senior Circuit Judge.*

EUGENE A. WRIGHT, Circuit Judge.

In this case, a United States magistrate construed written communication from inmate plaintiffs as a voluntary dismissal under Fed.R.Civ.P. 41(a)(1)(i). Plaintiffs-appellants appealed this dismissal of their action, contending it was involuntary due to circumstances constituting duress. The appellees contend that this court lacks jurisdiction because the dismissal was voluntary and without prejudice and is therefore nonappealable. We hold that this court lacks jurisdiction to review the magistrate's dismissal, whether characterized as voluntary or involuntary, and we dismiss for lack of appellate jurisdiction.

## BACKGROUND

Approximately two years prior to this litigation, United States Magistrate Meyers, whose district includes the United States Penitentiary at Marion, Illinois, issued an oral directive to the Bureau of Prisons requiring his approval prior to transferring inmates who have litigation pending in the Southern District. Transfers warranted by security or safety factors are approved by phone. In all other cases, absent compelling circumstances, inmates must remain at Marion so long as they have litigation pending. The magistrate claims that this directive has largely eliminated the extra administrative burdens and expenses of transferred prisoners' litigation.

On July 20, 1984, appellants Geaney and White, then federal prisoners at Marion, filed a lawsuit against federal prison officials and employees, claiming violations of their fifth, eighth, ninth, and fourteenth amendment rights under the Constitution.

In October 1984, appellants filed a pleading captioned "Motion Re Court's Transfer Prohibition." It requested relief from the magistrate's transfer directive and, in the

alternative, requested that the magistrate dismiss the appellants' suit. The pleading included notice that should the suit be dismissed, the appellants would appeal the dismissal as one obtained under duress. Magistrate Meyers construed the appellants' pleading as a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(i). Appellants were then transferred to federal prisons in Leavenworth, Kansas and Lewisburg, Pennsylvania. This appeal followed.

## ANALYSIS

Appellees contend that plaintiffs lack standing to appeal because the dismissal was voluntary and without prejudice. *Cauley v. Wilson,* 754 F.2d 769, 770 (7th Cir.1985).

Appellants argue that the dismissal was involuntary and appealable. They rely on *United States v. Procter & Gamble Co.,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). The Court in *Procter & Gamble* was reviewing a dismissal under Fed.R. Civ.P. 41(b) where the government had refused to comply with a discovery order under Fed.R.Civ.P. 34. The government had requested that the discovery order be amended to provide that, if production of requested transcripts were not made, the court would dismiss the complaint. When the government persisted in its refusal to comply with the order, the district court entered a judgment of dismissal. The Court in *Procter & Gamble* held that the dismissal was appealable, noting: "When the Government proposed dismissal for failure to obey, it had lost on the merits and was only seeking an expeditious review." *Id.* at 680–81, 78 S.Ct. at 985.

We need not decide whether this dismissal was voluntary or involuntary. We lack jurisdiction under either analysis.

### Voluntary Dismissal

▋ When a plaintiff voluntarily dismisses his action without prejudice, he receives the relief requested and has no ra-

---

* Honorable Eugene A. Wright, Senior Circuit Judge for the United States Court of Appeals for   the Ninth Circuit, is sitting by designation.

tional basis to appeal the dismissal. *Cauley*, 754 F.2d at 771. Although the judgment is final, it is ordinarily not appealable because the dismissal does not qualify as an involuntary adverse judgment. 5 Moore's Federal Practice ¶ 41.05[3] at 41–68 to 41–69 (2d ed. 1985); *Cauley*, 754 F.2d at 770.

Appellants' claim was properly before the magistrate under Local Rule 30(a), United States District Court for the Southern District of Illinois, which provides that all "Prisoner Petitions," including complaints filed pursuant to 28 U.S.C. § 1331, are automatically referred to a full-time magistrate upon filing. Under Fed.R. Civ.P. 41(a)(1)(i), a voluntary dismissal occurs upon the filing of timely notice by the plaintiff and does not require an order or other action by the court. Such a dismissal is without prejudice unless otherwise stated in a notice or unless the same action has previously been dismissed. In this case, neither party contends that either of these two conditions is applicable.

We find that, construing the appellants' motion as a notice of voluntary dismissal, this court lacks jurisdiction to review the dismissal.

*Involuntary Dismissal*

■ Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion ... to involuntarily dismiss an action." Construing the dismissal here as involuntary, we lack jurisdiction because it was not a final order. 28 U.S.C. § 1291. A magistrate may enter a final judgment only after a proper referral by the district court and upon consent by both parties. 28 U.S.C. § 636(c)(1); *Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037, 1042 (7th Cir.1984). Appellate jurisdiction of this court over cases decided by magistrates under 28 U.S.C. § 636(c)(1) is conferred only by 28 U.S.C. § 636(c)(3).

Here, the record reflects and the parties agree that the appellees never consented to the magistrate's entry of final judgment as required by § 636(c)(1) and § 636(c)(3). Ap-pellants argue that it would be unfair on the facts in this case to require appellees' consent because appellants were the only parties before the court at the time of the dismissal. However, we find no authority for relaxing or eliminating the consent requirements simply because the judgment of dismissal is entered before all defendants have appeared and filed an answer.

Because of constitutional overtones, courts are reluctant to imply consent to the magistrate's authority from a party's conduct. *See, e.g., Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir.1984) ("no clear and unambiguous statement in the record indicating that the parties consented"); *Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir.1984) ("consent must be explicit, and will not be casually inferred from the conduct of the parties"); *Alaniz v. California Processors, Inc.*, 690 F.2d 717, 720 (9th Cir.1982) ("clear and unambiguous expression of consent is required").

Absent such consent, involuntary dismissal must be entered by the district court. 28 U.S.C. § 636(b)(1)(A) (magistrate may not determine motion to involuntarily dismiss an action). The proper appeal from a magistrate's order of involuntary dismissal would have been to the district court pursuant to Local Rule 32(b), United States District Court for the Southern District of Illinois.

Construing the appellants' and magistrate's actions as an involuntary dismissal, we lack jurisdiction under 28 U.S.C. § 1291 because, without proper consent by the parties, no final appealable order was entered by the magistrate.

*Jurisdiction Under 28 U.S.C. § 1651*

■ We decline to exercise jurisdiction under 28 U.S.C. § 1651, the All Writs Act, as requested by appellants. First, appellants have failed to specify the nature of relief sought. Second, even if we were to construe appellants' request as a petition for mandamus, appellants have failed to apply for that writ in accordance with the requirements of Fed.R.App.P. 21(a). Finally, this case does not present the "excep-

tional circumstances" required to warrant the issuance of a writ of mandamus. *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967); *Ohio-Sealy Mattress Manufacturing Co. v. Duncan*, 714 F.2d 740, 744 (7th Cir.1983), *cert. denied*, 464 U.S. 1044, 104 S.Ct. 712, 79 L.Ed.2d 176 (1984).

*CONCLUSION*

The magistrate's dismissal is a nonappealable order. We dismiss for lack of appellate jurisdiction.