Anant Kumar TRIPATI,
Plaintiff–Appellant,

v.

Richard H. RISON, Warden, et al.,
Defendants–Appellees.

Nos. 87–6205, 87–6210.

United States Court of Appeals,
Ninth Circuit.

May 23, 1988.

Before HUG, BRUNETTI and NOONAN, Circuit Judges.

Tripati appeals a magistrate's denial of his motion to proceed in the district court in forma pauperis. We conclude that we lack jurisdiction over Tripati's appeals and transfer them to the district court pursuant to 28 U.S.C. § 1631.

On May 21, 1987, Tripati attempted to file a civil rights complaint, along with a motion to proceed in forma pauperis, in the district court for the Central District of California. The Clerk assigned a miscellaneous docket number to the pleadings, but did not officially file them. Without assigning the case to a district judge, the clerk sent the file to a United States Magistrate. The Magistrate issued an order filed the same day on a form stating as follows: IT IS ORDERED that the application of plaintiff or petitioner to file the action without prepayment of the filing fee is DENIED for the following reason(s): Failure to exhaust administrative remedies. The clerk entered the order denying in forma pauperis status on the miscellaneous docket sheet and retained a copy of the complaint. The clerk then sent Tripati's complaint back to Tripati along with a copy of the magistrate's order and a letter informing Tripati that if he wished to file the complaint, he would have to pay the required fees. Tripati filed a notice of appeal (no. 87–6205).

On July 1, 1987, Tripati again attempted to file the complaint along with a motion to proceed in forma pauperis. The clerk and a different magistrate again followed the procedures described above. Tripati filed a notice of appeal (no. 87–6210).

A denial of a motion to proceed in forma pauperis is a final judgment that is immediately appealable pursuant to 28 U.S.C. § 1291. *Roberts v. United States District Court,* 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (per curiam). Under 28 U.S.C. § 636, a United States Magistrate may not enter a final judgment on a motion to proceed in forma pauperis unless the matter has been referred to him or her by the court and the parties consent to have the magistrate decide the motion and enter judgment. 28 U.S.C. § 636(c); *Ambrose v. Welch,* 729 F.2d 1084 (6th Cir.1984); *Alaniz v. California Processors, Inc.,* 690 F.2d 717, 720 (9th Cir.1982); *see also, Geaney v. Carlson,* 776 F.2d 140, 142 (7th Cir.1985) (opinion of the court by Wright, senior circuit judge sitting by designation). The motions in these cases were not referred to the magistrates by any order of a district judge. Indeed, no judge was even assigned to the cases. Nor can we detect a local rule or general order of the court referring in forma pauperis motions to magistrates. More importantly, Tripati never gave his consent to the decision and the entry of a final judgment on the motion by a magis-

trate. While a magistrate can prepare a report and recommendation which, after allowing opportunity for objections, a district judge can review and adopt, *see* 28 U.S.C. § 636(b), a magistrate has no authority to issue a dispositive order denying in forma pauperis status absent compliance with section 636(c). Accordingly, we lack jurisdiction to review these purported orders. *Ambrose,* 729 F.2d at 1085; *Alaniz,* 690 F.2d at 720.

Rather than dismiss the appeal, however, the interests of justice weigh in favor of transferring these cases to the district court for further action consistent with this opinion. 28 U.S.C. § 1631. It is so ordered.