865 F.2d 1258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ricardo LOCKETT; Terri Lockett, Plaintiffs-Appellants,
v.
James J. KERR, of Darby Development, Defendant-Appellee.
 No. 87-3103.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 28, 1988.
Decided Dec. 19, 1988.
 
 Ricardo Lockett, Terri Lockett, appellants pro se.
 Frank M. Cisa (Burkett, Guerard, Woody, Bargmann, Cisa, O'Neill & Styles), for appellee.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ricardo and Terri Lockett filed suit against James Kerr, area manager of Darby Development Corp., alleging that Kerr denied them due process in terminating their housing subsidy. The complaint sought an injunction prohibiting Kerr from proceeding with a state eviction action before the Locketts had received an administrative hearing on the subsidy termination. The matter came on for hearing before the magistrate; both Ricardo Lockett and counsel for defendant Kerr signed a consent form authorizing the magistrate to conduct all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. Sec. 636(c). After the hearing, the magistrate entered a final order; this order, although analyzing the issues solely in terms of the standards applicable to preliminary injunctions, finally dismissed the complaint. Ricardo Lockett timely appealed on behalf of himself and Terri Lockett.
 
 
 2
 We are without jurisdiction to review the magistrate's decision because the magistrate did not have the consent of all the parties necessary to his exercise of jurisdiction under 28 U.S.C. Sec. 636(c).* See Lovelace v. Dall, 820 F.2d 223, 225 (7th Cir.1987) (if plaintiff did not consent to magistrate's jurisdiction, magistrate lacked jurisdiction to enter a final judgment, and court of appeals lacked jurisdiction to review magistrate's order). Exercise of jurisdiction by a magistrate under 28 U.S.C. Sec. 636(c) requires the consent of all the parties. See Fed.R.Civ.P. 73; see also Geaney v. Carlson, 776 F.2d 140, 142 (7th Cir.1985). The consent must be clear and unambiguous; it must be explicit and cannot be inferred from the conduct of the parties. Hall v. Sharpe, 812 F.2d 644, 646-47 (11th Cir.1987). Because "valid consent is the linchpin of the constitutionality of 28 U.S.C. Sec. 636(c)," these standards must be carefully observed. Adams v. Heckler, 794 F.2d 303, 307 (7th Cir.1986).
 
 
 3
 As Ricardo Lockett is not an attorney, he could not represent Terri Lockett, and his signature on the consent form could not act to confer her consent to proceed before the magistrate. Cf. Covington, supra, at 64 (citing Oxendine v. Williams, 509 F.2d 1405 (4th Cir.1975)). Moreover, as consent cannot be inferred from the conduct of the parties, Terri Lockett's failure to object to the magistrate's conduct of the proceedings could not be construed as consent.
 
 
 4
 Because the magistrate lacked the consent of all the parties necessary to his entry of final judgment pursuant to 28 U.S.C. Sec. 636(c), we lack jurisdiction to review his order and remand the matter for determination by the district court. We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 5
 REMANDED.
 
 
 
 *
 With respect to Terri Lockett, we note that we lack jurisdiction also because she did not sign the notice of appeal. See Covington v. Allsbrook, 636 F.2d 63 (4th Cir.1980), cert. denied, 451 U.S. 914 (1981)