905 F.2d 1532
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herbert TYLER, Plaintiff-Appellant,
and
Briscoe Arthur Harris, II, Plaintiff,
v.
R.S. HOY; Larry Dull; Officer Benson; Officer Fridley,
Defendants-Appellees,
Glenn Lloyd, Sheriff, Defendant.
 No. 89-6864.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 16, 1990.
Decided May 10, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. B. Waugh Crigler, United States Magistrate. (C/A No. 88-537-R)
 Herbert Tyler, appellant pro se.
 Elizabeth Kay Dillon, Woods, Rogers & Hazlegrove, Roanoke, Va., for appellees.
 W.D.Va.
 REMANDED.
 Before PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herbert Tyler appeals from the magistrate's order denying relief under 42 U.S.C. Sec. 1983. Although the district court transferred this case to the magistrate, the parties never consented to such a transfer as is required by 28 U.S.C. Sec. 636(c)(2).
 
 
 2
 Exercise of jurisdiction by a magistrate under 28 U.S.C. Sec. 636(c) requires the consent of the parties. See Fed.R.Civ.P. 73; see also Geaney v. Carlson, 776 F.2d 140, 142 (7th Cir.1985). The consent must be clear and unambiguous; it must be explicit and cannot be inferred from the conduct of the parties. Hall v. Sharpe, 812 F.2d 644, 646-47 (11th Cir.1987). Because "valid consent is the linchpin of the constitutionality of 28 U.S.C. Sec. 636(c)," these standards must be carefully observed. Adams v. Heckler, 794 F.2d 303, 307 (7th Cir.1986).
 
 
 3
 Thus, we are without jurisdiction to review the magistrate's decision because the magistrate did not have the consent of the parties necessary to his exercise of jurisdiction under 28 U.S.C. Sec. 636(c). See Gomez v. United States, 57 U.S.L.W. 4643 (U.S. June 12, 1989) (Nos. 88-5014, 88-5158); see also Lovelace v. Dall, 820 F.2d 223, 225 (7th Cir.1987) (if plaintiff did not consent to magistrate's jurisdiction, magistrate lacked jurisdiction to enter a final judgment, and court of appeals lacked jurisdiction to review magistrate's order).
 
 
 4
 We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 5
 REMANDED.