945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Felicia A. LAWSON, Plaintiff-Appellant,
v.
STATE OF OHIO, City of Eaton, Preble County, John V. Dye,
Alex Chapman, Richard Moller, Carol Lindstrom,
Augustus Ross, III, Defendants-Appellees.
 No. 91-3527.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1991.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Felicia A. Lawson moves for in forma pauperis status on appeal from the magistrate judge's order entered May 1, 1991, striking, as untimely, Lawson's objections to the report and recommendation filed April 10, 1991.
 
 
 2
 A review of the record indicates that on April 10, 1991, the magistrate judge filed a report and recommendation. Lawson filed objections to the report and recommendation on April 26, 1991, and those objections were subsequently stricken by the magistrate judge as being untimely filed. Lawson then filed a second set of objections on May 14, 1991, which were forwarded to the district court on May 16, 1991. On May 31, 1991, Lawson filed her notice of appeal.
 
 
 3
 An order of the magistrate judge is not appealable unless the magistrate judge is given plenary jurisdiction by the district court and by consent of the parties pursuant to 28 U.S.C. § 636(c)(1). Tripati v. Rison, 847 F.2d 548 (9th Cir.1988) (per curiam); McGraw v. Connelly (In re Bell & Beckwith), 838 F.2d 844, 848 n. 5 (6th Cir.1988); Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir.1984) (per curiam); Trufant v. Autocon, Inc., 729 F.2d 308, 309 (5th Cir.1984) (per curiam). The magistrate judge was not given plenary jurisdiction in this case.
 
 
 4
 Accordingly, the motion for in forma pauperis status is denied. It is further ORDERED that the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.