958 F.2d 371
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip A. CLARK, Plaintiff-Appellant,
v.
Roger CASE; William Sewell; Jerry Muse, Defendants-Appellees.
 Nos. 91-6355, 91-6363.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1992.
 
 1
 Before RALPH B. GUY, Jr., and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Phillip A. Clark, a pro se Kentucky prisoner, appeals from a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief and his immediate release from confinement, Clark filed his complaint in the District Court for the Eastern District of Kentucky against defense attorney William Sewell, Mason County Detention Center Jailer Roger Case, Assistant Jailer Jerry Muse and Judge Richard L. Hinton. Clark alleged in his complaint that he was improperly incarcerated. He conclusorily stated that his First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendment rights have been violated. Clark alleged ineffective assistance of his counsel, defendant Sewell. He further alleged that he, a Muslim, is the victim of religious discrimination because he is incarcerated in an allegedly "all Catholic town." He also reasserted allegations set forth in previously filed civil rights actions that: 1) he has not been provided with the medical attention (head scan) he seeks; and 2) he does not always receive a non-pork diet tray. Clark also set forth allegations against Judge Hinton and Defense Attorney Sewell regarding substance abuse affecting their professional competence. He conclusorily asserted fraud against defendant Sewell.
 
 
 4
 The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). The report and recommendation contained the warning that failure to object within ten days of receipt of the report and recommendation would constitute a waiver of the right to appeal. The district court, upon noting that Clark failed to file specific objections to the magistrate judge's report and recommendation, adopted the report and recommendation in an order dated October 30, 1991, and dismissed the complaint.
 
 
 5
 Initially, we dismiss the appeal in case no. 91-6355 for lack of jurisdiction. A review of the documents before the court indicates that Clark appealed on October 10, 1991, from the magistrate judge's report and recommendation entered August 27, 1991.
 
 
 6
 An order of the magistrate judge is not appealable unless the magistrate judge is given plenary jurisdiction by the district court and by consent of the parties pursuant to 28 U.S.C. § 636(c)(1). Tripati v. Rison, 847 F.2d 548 (9th Cir.1988) (per curiam); McGraw v. Connelly (In re Bell & Beckwith), 838 F.2d 844, 848 n. 5 (6th Cir.1988). The magistrate judge was not given plenary jurisdiction in this case. Therefore, the appeal in case no. 91-6355 is dismissed for lack of jurisdiction.
 
 
 7
 Upon review, we affirm the district court's order in case no. 91-6363. Although the failure of Clark to file objections to the magistrate judge's report and recommendation does not affect this court's subject matter jurisdiction, see Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), the failure to object after being specifically advised to do so constitutes a waiver of the right to appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). The record reflects that Clark failed to file any pleadings within the prescribed time frame which objected to the magistrate judge's report and recommendation. Consequently, since the record reflects that Clark failed to timely object, he waived his right to appellate review by this court. Moreover, the record does not disclose such exceptional circumstances in this case sufficient to excuse the objection requirement. Cf. Kent, 821 F.2d at 1222-23.
 
 
 8
 Accordingly, the appeal in case no. 91-6355 is dismissed for lack of jurisdiction. The district court's order in case no. 91-6363 is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation