15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ralph Randolph REA, Petitioner-Appellant,
v.
Brenda BURNS, Warden, Northern Nevada Correctional Center,
et al., Respondents-Appellees.
 No. 92-17059.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 13, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Randolph Rea, a Nevada state prisoner, appeals pro se the district court's denial of his motion to proceed in forma pauperis (IFP) in his 28 U.S.C. Sec. 2254 habeas corpus action. We dismiss the appeal.
 
 
 3
 We first must address the matter of our jurisdiction to consider this appeal. "A denial of a motion to proceed in forma pauperis is a final judgment that is immediately appealable pursuant to 28 U.S.C. Sec. 1291." Tripati v. Rison, 847 F.2d 548, 548 (9th Cir.1988). Nonetheless, "[a]n appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding [by a state prisoner], unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." 28 U.S.C. Sec. 2253; see Lynch v. Blodgett, 999 F.2d 401, 402 (9th Cir.1993) (order) (certificate of probable cause required in appeal from denial of Fed.R.Civ.P. 60(b) motion because the denial of a Rule 60(b) motion is a final, appealable order).
 
 
 4
 Here, the district court's order denying IFP status was a final order. See Tripati, 847 F.2d at 548. Nonetheless, the district court declined to issue a certificate of probable cause (CPC). Accordingly, this appeal may proceed only if we issue a CPC. See Lynch, 999 F.2d at 402.
 
 
 5
 A CPC should issue if the petitioner makes a substantial showing that he has been denied a federal right. Lozada v. Deeds, 498 U.S. 430, 431-32 (1991) (per curiam); Clark v. Lewis, 1 F.3d 814, 819 (9th Cir.1993) (order). Under 28 U.S.C. Sec. 1915(a), the district court has discretion to grant IFP status if a party is unable to pay the costs of the suit. Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir.1987); see also Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir.1977) (comparing IFP and CPC standards).
 
 
 6
 Here, the district court denied Rea IFP status "[b]ased on the information about [Rea's] financial status, and any additional information that may have [been] provided." In his motion to proceed IFP, Rea stated that he had no assets or funds that could be used to pay the costs of his habeas action. Nonetheless, he also stated that during the past year, he received income of $310.58 from prison employment. A prison official certified that Rea had $152.86 in his prison account.
 
 
 7
 We are not convinced Rea has made a substantial showing that the district court erred by denying IFP status. See Tripati, 821 F.2d at 1369. Accordingly, we decline to issue a CPC. See Lozada, 498 U.S. at 431-32; Clark, 1 F.3d at 819. If Rea wishes to pursue his habeas petition in district court, he must pay the filing fee.
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3