24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Melvin ANDERSON, Petitioner-Appellant,
v.
Bert M. MONTAGUE, Respondent-Appellee.
 No. 94-55045.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin Anderson appeals pro se the district court's denial of his motion to proceed in forma pauperis ("IFP") in his action against clerks of the United States Court of Appeals, Fourth Circuit. Anderson's action was brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,[1] 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. Sec. 1291,[2] and we affirm.
 
 
 3
 Anderson's motion to proceed IFP in the district court was referred to a magistrate who recommended that the motion be denied because venue was improper. The district court denied Anderson's motion.
 
 
 4
 We review for abuse of discretion a denial of leave to proceed IFP. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). We may affirm the district court's decision on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 5
 Under 28 U.S.C. Sec. 1915(a), "[a]ny court of the United States may authorize the commencement ... of any suit ..., civil or criminal, ... without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." A request to proceed IFP under section 1915(a), however, may be denied where it appears from the face of the complaint that the action is frivolous. 28 U.S.C. Sec. 1915(d); O'Loughlin, 920 F.2d at 616. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis, 828 F.2d at 1390. Where a clerk files or refuses to file a document with the court, he is entitled to quasi-judicial immunity for his actions, provided the acts complained of are within the clerk's jurisdiction. Id. The filing of a complaint or petition is an integral part of the judicial process, and court clerks are the officials through whom such filing is done. Id.
 
 
 7
 Here, Anderson alleged that the clerk of the appellate court and two deputy clerks violated his constitutional rights when they failed to file certain emergency motions and a petition for rehearing in his action before that court. All of the acts Anderson alleged the clerks committed were integral parts of the judicial process. See id. Moreover, Anderson did not allege actions on the part of the clerks "done in the clear absence of all jurisdiction." See id. Thus, the clerks were entitled to quasi-judicial immunity from civil liability for their actions. See id. Anderson's action against the clerks therefore lacked an arguable basis in law. See Neitzke, 490 U.S. at 327 ("claims against which it is clear that the defendants are immune" are legally meritless for section 1915(d) purposes). Accordingly, the district court did not err by denying Anderson's motion to proceed IFP because the action was frivolous. See O'Loughlin, 920 F.2d at 616.[3]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Anderson designated his action as brought under 42 U.S.C. Sec. 1983, because the defendants were all allegedly acting under color of federal law Anderson's action is more properly characterized as a Bivens action. See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1387 (9th Cir.1987) (citing Bivens, 403 U.S. at 388), cert. denied, 486 U.S. 1040 (1988)
 
 
 [2]
 The denial of a motion to proceed IFP is appealable under section 1291. See Roberts v. United States Dist. Court, 339 U.S. 844, 845 (1950) (per curiam); Tripati v. Rison, 847 F.2d 548, 548 (9th Cir.1988)
 
 
 [3]
 Anderson's request that this court grant his "ex parte motion for summary judgment pending appeal" is denied