29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adonis JENKINS, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-56546.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 20, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 MEMORANDUM**
 Adonis Jenkins, Jr. appeals the magistrate judge's denial of his motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d). We dismiss for lack of jurisdiction.[1]
 
 
 1
 The power of federal magistrate judges is limited by 28 U.S.C. Sec. 636. Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir.1993). A district judge may refer nondispositive pretrial matters to a magistrate judge for decision. 28 U.S.C. Sec. 636(b)(1)(A) (1988); Estate of Conners, 6 F.3d at 658. A district judge may also authorize a magistrate judge to prepare findings and recommendations on dispositive matters for the district judge. 28 U.S.C. Sec. 636(b)(1)(B) (1988); Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir.1992). However, a magistrate judge lacks authority to issue a dispositive order, unless the district court refers the matter to the magistrate judge and the parties consent to a decision by the magistrate judge. 28 U.S.C. Sec. 636(c)(1) (1988); Estate of Conners, 6 F.3d at 658-59 (magistrate judge lacks authority to enter final order on postjudgment motion for attorney's fees); Tripati v. Rison, 847 F.2d 548 (9th Cir.1988) (magistrate judge lacks authority to enter final judgment on motion to proceed in forma pauperis).
 
 
 2
 Here, the magistrate judge lacked authority to enter a final order on Jenkins' motion for attorney's fees under any provision of 28 U.S.C. Sec. 636. Jenkins' motion for EAJA fees could not be considered either "nondispositive" or "pretrial." See 28 U.S.C. Sec. 636(b)(1)(A); Estate of Conners, 6 F.3d at 659. In addition, the magistrate judge entered a final order disposing of Jenkins' motion rather than issuing findings and recommendations to the district judge. See 28 U.S.C. Sec. 636(b)(1)(B). Finally, neither Jenkins nor the government consented to the magistrate judge's exercise of plenary authority over the motion for attorney's fees. See 28 U.S.C. Sec. 636(c)(1); Estate of Conners, 6 F.3d at 658. Accordingly, we lack jurisdiction to review the magistrate judge's order. See Tripati, 847 F.2d at 549.
 
 
 3
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Jenkins' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although neither party has raised the jurisdictional issue, we have an obligation to consider it sua sponte. See Reynaga v. Cammisa, 971 F.2d 414, 417 (9th Cir.1992)