43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aurelio R. LOPEZ, Plaintiff-Appellant,
v.
Ronald FLECK, George Kuzma, Gary Fletcher, Defendants-Appellees.
 No. 94-35648.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aurelio Lopez, a former Washington state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Lopez's 42 U.S.C. Sec. 1983 action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We raise sua sponte the issue of our jurisdiction over this appeal, see Abernathy v. Southern Cal. Edison, 885 F.2d 525, 527 (9th Cir.1989), and transfer this case to the district court for further action.
 
 
 3
 The power of federal magistrate judges is limited by 28 U.S.C. Sec. 636. Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir.1993). A district judge may refer nondispositive pretrial matters to a magistrate judge for decision. 28 U.S.C. Sec. 636(b)(1)(A) (1988); Estate of Conners, 6 F.3d at 658. A district judge may also authorize a magistrate judge to prepare findings and recommendations on dispositive matters for the district judge. 28 U.S.C. Sec. 636(b)(1)(B) (1988); Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir.1992). However, a magistrate judge lacks authority to issue a dispositive order, unless the district court refers the matter to the magistrate judge and the parties consent to a decision by the magistrate judge. 28 U.S.C. Sec. 636(c)(1) (1988); Estate of Conners, 6 F.3d at 658-59; Tripati v. Rison, 847 F.2d 548 (9th Cir.1988).
 
 
 4
 Here, the district court referred the case to the magistrate judge but the parties did not consent to the magistrate judge's exercise of jurisdiction over the case. The magistrate judge entered a final order disposing of the defendants' and Lopez's summary judgment motions rather than issuing findings and recommendations to the district judge as required by 28 U.S.C. Sec. 636(b)(1)(B). Absent the consent of the parties, the magistrate judge was not authorized to enter a dispositive order granting defendants' motion for summary judgment. See 28 U.S.C. Sec. 636(c)(1); Tripati, 847 F.2d at 549. Accordingly, we lack jurisdiction to review the magistrate judge's order. See Id. In the interests of justice, however, we transfer this matter to the district court for vacation of judgment and further action. See 28 U.S.C. Sec. 1631; Tripati, 847 F.2d at 549.[1]
 
 
 5
 TRANSFERRED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of our decision, we deny Lopez's request for appointment of counsel as moot