48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Daniel DENARDO, Plaintiff-Appellant,
v.
Richard E. COLLUM, et al., Defendants-Appellees.
 No. 94-35035.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided Feb. 27, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Denardo appeals pro se the district court's denial of his motion to proceed in forma pauperis in his 42 U.S.C. Sec. 1983 action alleging that Richard E. Collum and the State of Alaska Executive Clemency Advisory Committee violated his constitutional rights by denying him access to records pertaining to his petition for executive clemency.
 
 
 3
 The denial of a motion to proceed in forma pauperis is immediately appealable pursuant to 28 U.S.C. Sec. 1291. Tripati v. Rison, 847 F.2d 548 (9th Cir.1988). We review for abuse of discretion the denial of a motion to proceed in forma pauperis, O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990), and we affirm.
 
 
 4
 Under 28 U.S.C. Sec. 1915(a) a district court may grant in forma pauperis status if the litigant is unable to pay the costs of the suit. The court may deny the motion, however, if the complaint is frivolous. O'Loughlin, 920 F.2d at 616.
 
 
 5
 An in forma pauperis complaint is frivolous if it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984). A pro se litigant, however, must be given notice of the deficiencies in the complaint and an opportunity to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 6
 Denardo's complaint alleged that his rights under the First and Ninth Amendments were violated by Collum's refusal to provide him with requested records pertaining to his petition for executive clemency. Denardo alleged that he is specifically allowed access to the records pursuant to Alaska Statute Sec. 33.16.170. Denardo's complaint fails to allege an arguable violation of federal law or a federal constitutional right. In addition, it is clear that the deficiencies in the complaint could not be cured by amendment. See Noll, 809 F.2d at 1448.
 
 
 7
 Therefore, the district court did not err in denying Denardo's motion to proceed in forma pauperis because the action was frivolous.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3