**Earnest A. DARDEN, Plaintiff— Appellant,**

v.

**PERALTA COMMUNITY COLLEGE DISTRICT; Vista College; Peralta Board of Trustees; Ronald J. Temple; Clinton Hilliard; Larry Hardy; Ione Elioff, President of Vista College; Classie Foat, Vice President of Vista College; Jose Hoyos, Dean of Students at Vista College; Dianna Bennett; Joe Doyle; Katherine Aoki, Defendants—Appellees.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

No. 02–15788.

D.C. No. CV–02–01388–WHA.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 20, 2002.*

Decided Oct. 18, 2002.

Before SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Earnest Darden appeals pro se the district court's refusal to permit him to proceed in forma pauperis in his action against Peralta Community College District and various administrators. We affirm.

A district court may permit a plaintiff who is unable to pay the costs of suit to proceed in forma pauperis. *See Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984). The plaintiff must, however, submit affidavits that "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981) (internal quotation omitted); *see also* 28 U.S.C.1915(a) (requiring affidavit that "includes a statement of all assets" and an explanation that claimant "is unable to pay such fees or give security therefor").

The district court did not abuse its discretion by denying Darden's request to proceed in forma pauperis. *See Calhoun*

*v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) (noting standard of review). Darden's application failed to specify his income. The district court properly reasoned that "[t]his left no basis on which to conclude that plaintiff could not pay the filing fee and costs of service."

Darden argues on appeal that his complaint is not frivolous and that he should be permitted to amend his complaint prior to dismissal. The district court, however, has not yet dismissed Darden's complaint as frivolous or refused to permit him to amend his complaint. Rather, Darden immediately appealed the district court's decision not to permit him to proceed in forma pauperis. *See Tripati v. Rison*, 847 F.2d 548, 548 (9th Cir.1988) ("A denial of a motion to proceed in forma pauperis is a final judgment that is immediately appealable pursuant to 28 U.S.C. § 1291."). Our review is limited to that interlocutory appeal. Accordingly, we must also decline to reach appellees' request for judicial notice of Darden's other lawsuits and their contention that Darden should be declared a vexatious litigant.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.