**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2010[*]
Decided March 31, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3594

| | |
|---|---|
| YVETTE G. KLEVEN , Trustee<br>*Plaintiff,*<br><br>*v.*<br><br>WALGREEN COMPANY,<br>*Defendant-Appellee,*<br><br>APPEAL OF:<br>ALFREDA CHRISTIAN,<br>*Debtor-Appellant*. | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 1:09-cv-02588<br><br>Amy J. St. Eve,<br>*Judge*. |

**O R D E R**

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(c).

Alfreda Christian's discrimination suit against Walgreens, her former employer, was absorbed into her bankruptcy estate and settled by the estate's trustee, who then voluntarily dismissed the suit. Christian now appeals from that dismissal, as well as from other orders that preceded it, in an effort to reclaim her suit against Walgreens. Because we lack jurisdiction over some of her claims, and because the claims that we can review have no merit, we dismiss and affirm in part.

Christian worked for Walgreens as an assistant manager until she was fired in August 2008. Three months later, she filed for Chapter 7 bankruptcy protection. The bankruptcy court discharged her debts and closed her bankruptcy case at the end of February 2009. The following month Christian filed a discrimination suit against Walgreens in federal district court based on her pre-bankruptcy termination. *See* 42 U.S.C. § 2000e-2; 42 U.S.C. § 1981. Eyeing a potential asset for the bankruptcy estate, the trustee successfully moved the bankruptcy court to reopen Christian's case. The trustee then asked the district court overseeing the discrimination suit to substitute her as plaintiff in place of Christian. The district court granted the motion, and before long the trustee settled the claim, with Walgreens offering $3,500 in exchange for a voluntary dismissal.

At a hearing before the bankruptcy court in September 2009, Christian argued that the bankruptcy court should reconsider its order reopening the estate and that she, not the bankruptcy estate, was the rightful owner of the lawsuit. She did not, however, challenge the propriety of the settlement or present evidence that the lawsuit was worth more than the modest settlement price. The bankruptcy court approved the settlement and denied Christian's motion to reconsider its decision to reopen the case. The trustee and Walgreens then filed in the district court a joint stipulation to voluntarily dismiss the suit with prejudice under FED. R. CIV. P. 41(a)(1)(A)(ii). This prompted an order from the district court the following day confirming the dismissal of the case with prejudice in accord with the parties' stipulated dismissal.

On appeal Christian challenges (1) the bankruptcy court's orders from September 2009 approving the settlement and denying Christian's motion to reconsider the decision to reopen; (2) the district court's order confirming the voluntary dismissal with prejudice; and (3) the district court's order granting the trustee's motion to substitute herself as plaintiff.

We turn first to Christian's appeal from the September 2009 orders of the bankruptcy court, mindful that our jurisdiction is lacking if the district court never obtained jurisdiction over the orders. *In re Vlasek*, 325 F.3d 955, 960 (7th Cir. 2003). For a district court to acquire jurisdiction over a bankruptcy order, a party must file a notice of appeal in the bankruptcy court within fourteen days of the entry of a final order (recently increased from ten). FED. R.

BANKR. P. § 8002(a); *In re Salem*, 465 F.3d 767, 772-73 (7th Cir. 2006). Because Christian failed to do so, the district court never obtained jurisdiction over the orders of the bankruptcy court. *See Caldwell-Baker Co. v. Parsons*, 392 F.3d 886, 887-88 (7th Cir. 2004). We therefore have no jurisdiction to review those orders ourselves.

Christian also appeals from the district court's order granting the trustee's motion to substitute herself as plaintiff in the discrimination suit. This appeal is timely and taken from a final order of the district court, so our jurisdiction is proper. *See* 28 U.S.C. § 1291. Christian challenges the substitution on the basis that the lawsuit did not belong in the bankruptcy estate. Her argument rests on the assumption that the bankruptcy trustee has no legal interest in suits filed by the debtor after a bankruptcy petition is filed. But this is true only with respect to claims that *accrued* after the debtor entered bankruptcy, *see Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006); if the event giving rise to the claim occurred before the debtor filed, the claim belongs to the trustee, who has exclusive power to prosecute it, 11 U.S.C. § 541(a)(1); *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006); *In re Polis*, 217 F.3d 899, 902 (7th Cir. 2000). Here, Christian's Title VII claim arose on August 26, 2008, the date that she received final notice from Walgreens that it had fired her. *Smith v. Potter*, 445 F.3d 1000, 1007 (7th Cir. 2006); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). That was three months before she filed for bankruptcy. Accordingly, the district court properly substituted the trustee as plaintiff.

Having decided that the trustee is the (only) proper party in the discrimination suit, we may easily dispatch Christian's final argument—her challenge to the district court's order confirming the dismissal of the case with prejudice. We say "confirming the dismissal" because the trustee had already voluntarily dismissed the case with prejudice the day before. As Walgreens observes, the trustee's voluntary dismissal under Rule 41 was self-executing, requiring no further action from the district court, *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1018 (7th Cir. 2002). And, because it was a *voluntary* dismissal, the trustee could not herself have invoked our jurisdiction to review it. *See Chavez v. Ill. State Police*, 251 F.3d 612, 628 (7th Cir. 2001); *Boland v. Engle*, 113 F.3d 706, 714 (7th Cir. 1997); *Lynk v. LaPorte Superior Court No.2*, 789 F.2d 554, 562 (7th Cir. 1986); *Geaney v. Carlson*, 776 F.2d 140, 141-42 (7th Cir. 1985). Christian is not the trustee, but her challenge to the dismissal order is groundless because, as we have decided, the trustee alone was the proper owner of the claim and therefore the real party in interest. *Biesek*, 440 F.3d at 413-14; *Cable v. Ivy Tech State College*, 200 F.3d 467, 475 (7th Cir. 1999); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). Under the real-party-in-interest doctrine, an action may be prosecuted only by the party entitled to the sought-after relief. Fed. R. Civ. P. 17(a); *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008). Once she became a nonparty to the suit, Christian lacked a valid basis for attacking the court's subsequent orders, including the dismissal.

DISMISSED in part and AFFIRMED in part.