Sykes, Circuit Judge.
*1129 Raymond Henderson was arraigned on drug and firearm charges while shackled with leg irons and handcuffs connected to a waist chain. His attorney asked the district judge to have the shackles removed. The judge denied the request, deferring to the United States Marshals Service's policy of using full restraints on prisoners at every nonjury court appearance. Henderson appealed the ruling, relying on the collateral-order doctrine to support interlocutory review. After oral argument we ordered supplemental briefing on the possibility of mandamus as an alternative means of review if Henderson's argument about the collateral-order doctrine failed. We also gave the judge an opportunity to respond as provided in Rule 21 of the Federal Rules of Appellate Procedure, which governs mandamus procedure. She has done so. We now hold that the collateral-order doctrine does not apply and decline to reframe the appeal as a petition for a writ of mandamus. We therefore dismiss the appeal for lack of jurisdiction.
I. Background
A grand jury in the Central District of Illinois indicted Henderson for possession of crack cocaine with intent to distribute and two related firearms offenses. In accordance with the Marshals Service's policy in the Springfield Division, Henderson appeared in court for arraignment encircled by four security officers and shackled with leg irons and handcuffs connected to a waist chain. His attorney moved to have him unshackled except for the leg irons for the remainder of the arraignment and at all future pretrial hearings. Counsel argued that routine shackling in court violates the accused's right to due process and asked the judge to hold a hearing to determine whether Henderson posed an individualized risk to justify the use of full restraints.
More specifically, counsel argued that a criminal accused has a deeply rooted fundamental right not to be shackled in court proceedings absent an individualized showing of risk of flight or violence. The Supreme Court has held that the Due Process Clause forbids the routine use of shackles before the jury. Deck v. Missouri , 544 U.S. 622, 629, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005). Counsel urged the judge to apply the same rule to pretrial proceedings and conduct an individualized risk assessment as Deck requires. Finally, counsel argued that the judge, not the Marshals Service, is ultimately responsible for the decision to use restraints in court, and a default position of deference to security officials abdicates that judicial responsibility.
The government responded with three points. First, Deck 's rule against restraints in court is expressly limited to the use of shackles in the presence of a jury. Id. Second, the reasons underlying the Deck rule have little, if any, applicability to nonjury proceedings like an arraignment and other pretrial hearings. Third, Deck relied in large part on the common-law rule against shackles, which is limited to jury trials and does not extend to arraignment or "like proceedings before the judge."
*1130 Id. at 626, 125 S.Ct. 2007. The government urged the court to apply the standard in Bell v. Wolfish , 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), which governs conditions of confinement for pretrial detainees. Under that standard, the government argued, the use of shackles in pretrial proceedings is not a form of punishment and thus is constitutionally permissible.
In an oral ruling, the judge denied Henderson's motion, declaring that "court security is up to our Court Security and Marshals" and later saying that she was "concerned that [Henderson] might take off." The judge issued a follow-up written order that same day, noting that because of "the reasons stated in the [g]overnment's response," she would "continue to defer to the expertise of the United States Marshals Service" without making "an individualized determination that shackling is necessary."
Henderson appealed the judge's order, invoking the collateral-order doctrine and arguing that he has a due-process right to appear before the court unshackled and that this right applies in nonjury proceedings. At oral argument we asked whether mandamus is available as an alternative basis for interlocutory review should Henderson's invocation of the collateral-order doctrine fail. Because the parties had not formally addressed that question, we ordered supplemental briefing on the availability of supervisory or advisory mandamus and gave the district judge an opportunity to respond as if Henderson's appeal were construed as a petition for a writ of mandamus. See FED. R. APP. P. 21(b)(4) (describing mandamus procedure and stating that "[t]he court of appeals may invite or order the trial-court judge to address the petition or may invite an amicus curiae to do so").
The judge accepted our invitation. She explained that mandamus is inappropriate because Deck 's requirement of an individualized risk assessment applies only when shackles are used at a jury trial and thus Henderson had not shown that he has a "clear and indisputable" right to the writ. J.H. Cohn & Co. v. Am. Appraisal Assocs., Inc. , 628 F.2d 994, 997 (7th Cir. 1980). The government agreed with the judge and added that mandamus is not warranted because Henderson has other adequate means to pursue his due-process claim and because this is not an "exceptional" circumstance that would justify issuance of the writ.
Henderson argued that either supervisory or advisory mandamus is appropriate because the issue presented is important, novel, recurring, and would otherwise evade effective appellate review. See id. ; United States v. Green , 407 F.3d 434, 439 (1st Cir. 2005) (explaining advisory and supervisory mandamus). He also reiterated his position that the shackling order is immediately reviewable under the collateral-order doctrine.
II. Discussion
We begin (and also end) with the question of appellate jurisdiction. Our jurisdiction is limited to appeals from a final order of the district court. See 28 U.S.C. § 1291. The judge's shackling ruling obviously is not a final order; the case remains pending in the district court. Henderson argues that the collateral-order doctrine supports interlocutory review. That doctrine allows immediate appeal of interlocutory orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp. , 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
*1131 To qualify for immediate review under this exception, an order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay , 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). The Supreme Court has emphasized that the collateral-order doctrine is "a narrow exception to the normal application of the final judgment rule," and in criminal cases its requirements are applied "with the utmost strictness." Midland Asphalt Corp. v. United States , 489 U.S. 794, 798-99, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) (quoting Flanagan v. United States , 465 U.S. 259, 265, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) ).
This case turns on the third step of the Coopers & Lybrand test, which asks whether the order in question is effectively unreviewable on appeal from a final judgment. The Supreme Court's seminal shackling case demonstrates that this requirement is not met here. In Deck the defendant objected to appearing before the jury in shackles during the penalty phase of his capital murder trial. 544 U.S. at 624-25, 125 S.Ct. 2007. The Supreme Court reversed the defendant's death sentence, holding that shackling him in front of the jury violated his right to due process. Id. at 635, 125 S.Ct. 2007. Deck establishes that due-process shackling claims may be effectively reviewed on appeal from a final judgment. That alone forecloses interlocutory review.
On a broader level, in criminal cases the Court has identified only four pretrial orders that qualify for immediate review under the collateral-order doctrine: (1) an order denying bail, Stack v. Boyle , 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951) ; (2) an order denying dismissal based on double jeopardy, Abney v. United States , 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) ; (3) an order denying dismissal under the Speech or Debate Clause, Helstoski v. Meanor , 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979) ; and (4) an order for the administration of psychotropic medication to render a defendant competent for trial, Sell v. United States , 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003). We recently noted the distinguishing characteristics of orders of this type: "Bail and involuntary medication are independent of the merits and unreviewable on appeal from a conviction, while the other two situations exemplify rights not to be tried." United States v. Schock , 891 F.3d 334, 339 (7th Cir. 2018).
On the other hand, the Court has held that a constitutional objection to an attorney-disqualification order is effectively reviewable on appeal from a final judgment. Flanagan , 465 U.S. at 269-70, 104 S.Ct. 1051. The Court also has refused to extend the collateral-order doctrine to pretrial orders denying dismissal under the Speedy Trial Clause. United States v. MacDonald , 435 U.S. 850, 861-63, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978). These cases presented ordinary claims of constitutional procedural error for which appeal from a final judgment provides effective review. Henderson's shackling claim is in the same category.
Schock is our most recent exploration of the collateral-order doctrine in a criminal case. A former congressman appealed an order denying his motion to dismiss an indictment charging him with fraud and making false statements. 891 F.3d at 336. He moved to dismiss based on the Speech or Debate Clause, U.S. CONST. art. 1, § 6, cl. 1 (immunizing members of Congress from liability for their speeches, debates, and other parts of the legislative process), and the Rulemaking Clause, id. art. I, § 5, cl. 2 (stating that each House of Congress may determine its own rules and *1132 punish its members). The district court denied the motion, and the defendant immediately appealed; we affirmed in part and dismissed in part. The Speech or Debate Clause, we explained, confers an immunity from litigation, so we addressed the merits and affirmed the denial of the dismissal motion on this ground. Schock , 891 F.3d at 336. We dismissed the rest of the appeal for lack of jurisdiction, holding that an order refusing to dismiss an indictment under the Rulemaking Clause does not qualify for immediate review under the collateral-order doctrine. Id. at 338-39. The defendant's claim-a kind of separation-of-powers defense-could be effectively reviewed on appeal from a final judgment. Id.
The same is true here. As Deck shows, a due-process challenge to a shackling order can be vindicated on appeal from a final judgment. Henderson argues that the possibility of acquittal, from which he cannot appeal, entitles him to review now. But acquittal is possible in every criminal case and so cannot justify application of the collateral-order exception.
Turning now to the issue of mandamus, we begin by reiterating that Henderson did not petition for the writ. Ordinarily we will not construe an appeal as a petition for mandamus if the appellant "failed to apply for [the] writ in accordance with the requirements of Federal Rule of Appellate Procedure 21(a)." Geaney v. Carlson , 776 F.2d 140, 142 (7th Cir. 1985).
However, in a case involving a similar interlocutory appeal of a pretrial shackling order, the Ninth Circuit, sitting en banc, recast the notice of appeal as a petition for mandamus and reached the merits of the defendants' due-process claim. United States v. Sanchez-Gomez , 859 F.3d 649, 657 (9th Cir. 2017) (en banc). Although the underlying criminal proceedings were long since over, the en banc court declined to dismiss the case as moot. Id. at 657-59. Rather, after reframing the appeal as a mandamus petition, the court construed the defendants' claim as a "functional class action," id. at 658, and found a constitutional violation, id. at 666.
As we've explained, in light of Sanchez-Gomez , we issued an order for supplemental briefing asking the parties to address the propriety of construing this appeal as a petition for mandamus. They complied. We also invited the district judge to respond as provided in Rule 21(b)(4), and she took the opportunity to do so. While we've had this case under advisement, however, the Supreme Court vacated the Ninth Circuit's judgment and remanded with instructions to dismiss the case as moot. United States v. Sanchez-Gomez , --- U.S. ----, 138 S.Ct. 1532, 1542, 200 L.Ed.2d 792 (2018).
We do not have a mootness problem here; the underlying criminal case remains pending. Still, we will not follow the Ninth Circuit's lead. The All Writs Act codifies the common-law writ of mandamus: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." Cheney v. U.S. Dist. Ct. for D.C. , 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (internal quotation marks omitted). "[O]nly exceptional circumstances amounting to a judicial usurpation of power ... or a clear abuse of discretion ... will justify the invocation of this extraordinary remedy." Id. (quotation marks and citations omitted).
The mandamus writ "is one of the most potent weapons in the judicial arsenal" and may issue only if three conditions are satisfied. Id. (internal quotation marks omitted). First, the petitioner must *1133 establish that he has no other adequate remedy-"a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." Id. at 380-81, 124 S.Ct. 2576. Second, the petitioner must show that his right to the issuance of the writ "is clear and indisputable." Id. at 381, 124 S.Ct. 2576 (internal quotation marks omitted); see also J.H. Cohn & Co. , 628 F.2d at 997. Third, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." Cheney , 542 U.S. at 381, 124 S.Ct. 2576.
Henderson's argument for reframing the appeal as a petition for mandamus falters at the first step. As we've already explained, a due-process challenge to the judge's shackling order can be effectively reviewed as part of the "regular appeals process," so Henderson does not lack an adequate remedy. Accordingly, we decline to construe the notice of appeal as a petition for mandamus.
We're left with an interlocutory appeal that does not fall within the collateral-order doctrine. We therefore DISMISS the appeal for lack of jurisdiction.