Gene MINETTI, Plaintiff–Appellant,

v.

PORT OF SEATTLE; Local 9 ILWU; Local 19 ILWU; Pacific Maritime Association; International Longshoremen's & Warehousemen's Union; Cargill Inc.; Western Gateway Transfer; Port of Tacoma; David E. Wilson; Philip K. Sweigert; Carolyn R. Dimmick; Thomas S. Zilly; William L. Dwyer, Defendants–Appellees.

Nos. 96–36073.

United States Court of Appeals,
Ninth Circuit.

Submitted April 20, 1998.*

Decided Aug. 11, 1998.

As Amended Sept. 9, 1998.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

**1114**

Gene Minetti, Olympia, Washington, in pro per for the plaintiff–appellant.

No appearance for the defendants–appellees.

Before: BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.

PER CURIAM:

■ Gene Minetti appeals pro se the district court's order denying his application to proceed in forma pauperis. Minetti contends that the district court erred by not affording him an opportunity to submit objections to the magistrate judge's recommendation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, see *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1369 (9th Cir.1987), and we affirm.

Minetti sought to file an action against the Port of Seattle, Local 9 of the International Longshoremen's and Warehousemen's Union, and other defendants alleging, inter alia, fraud, conspiracy and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. On September 3, 1996, the magistrate judge recommended that the application to proceed in forma pauperis be denied on the grounds that Minetti's claims were barred by res judicata, lack of standing and judicial immunity. The magistrate judge's recommendation was forwarded to the district judge, who then signed the order denying pauper status on September 4, 1996.

28 U.S.C. § 636(b)(1)(C) provides parties with a ten day period during which to object to the proposed findings and recommendations of a magistrate judge. However, a magistrate judge is only required to make proposed findings and recommendations to the district court with respect to motions specified in 28 U.S.C. § 636(b)(1)(A). *See* 28 U.S.C. § 636(b)(1)(B). Section 636(b)(1)(A) contains no reference to an application to proceed in forma pauperis. Rather, the magistrate judge's authority to make rulings or recommendations on dispositive pretrial matters not specified in 28 U.S.C. § 636(b)(1)(A) is derived from 28 U.S.C. § 636(b)(3), which does not require the magistrate judge to submit proposed findings and recommendations. Section 636(b)(3) does not provide a party with ten days to file written objections with the district court.

■ Minetti's reliance on Fed.R.Civ.P. 72 is misplaced because Rule 72(b) in consistent with section 636(b)(1)(B). Further, an application to proceed in forma pauperis is not a nondispositive matter under Rule 72(a). *See* Advisory Committee Notes (indicating that Rule 72(a) does not apply to matters referred to under § 636(b)(3)).

Consequently, we conclude that Minetti was not entitled to file written objections to the magistrate judge's recommendation that Minetti's application to proceed in forma pauperis be denied.[1]

---

1. This case is distinguishable from our decision in *Tripati v. Rison,* 847 F.2d 548 (9th Cir.1988). In *Rison,* we held that this court lacks jurisdiction to review directly a magistrate judge's denial of a motion to proceed in forma pauperis, and that a magistrate judge has no authority to issue a dispositive order denying in forma pauperis status absent the district judge's review and adoption of the magistrate judge's order or the consent of the parties. Although the district court's order in this action denying Minetti leave to proceed in forma pauperis was based on a recommendation by the magistrate judge, it was nevertheless reviewed and signed by the district judge. Therefore, unlike *Rison,* the magistrate judge here did not act on his own by entering a final judgment. The language in *Rison* referring to an opportunity to object to a magistrate judge recommendation to deny in forma pauperis status is dicta that was not intended to require the result suggested by Minetti.

Minetti also contends that the district court erred by denying him leave to proceed in forma pauperis based upon findings that the claims in his complaint are barred by res judicata, lack of standing and judicial immunity. We disagree.

■ "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *First Nat'l Bank & Trust*, 821 F.2d at 1370.

■ First, the district court properly concluded that Minetti's claim that he was wrongfully denied employment due to the racketeering activities and threats of violence by defendants is barred by res judicata because Minetti filed two prior actions previously dismissed by the district court involving the same parties or their privies and substantially the same evidence, and which arose from the same transactional nucleus of facts. *See In re Imperial Corp. of America*, 92 F.3d 1503, 1506 (9th Cir.1996).

■ Second, the district court properly concluded that Minetti lacked standing to bring a claim against various corporate defendants for their alleged acts of fraud which affected members of the public and which somehow indirectly affected his employment opportunities. *See Construction Indus. Ass'n of Sonoma County v. City of Petaluma*, 522 F.2d 897, 903 (9th Cir.1975).

■ Finally, the district court properly determined that the defendant judges named in this action are entitled to absolute judicial immunity for their judicial actions in Minetti's prior cases. *See Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir.1996), *cert. denied*, — U.S. ——, 117 S.Ct. 963, 136 L.Ed.2d 848 (1997).

Accordingly, we conclude that the district court did not abuse its discretion by denying Minetti's application to proceed in forma pauperis based upon the lack of merit in his complaint. *See First Nat'l Bank & Trust*, 821 F.2d at 1370.

**AFFIRMED.**