**UNITED STATES of America,**
**Appellee,**

v.

**Richard CAYCE, Defendant–**
**Appellant.***

No. 08–3784–cr.

United States Court of Appeals,
Second Circuit.

April 2, 2009.

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

The District Court sentenced Cayce principally to a thirty-seven month term of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Cayce challenges his conviction and sentence on the grounds that (1) he was not given ten days to contest the recommendation of the magistrate judge that his guilty plea be accepted; (2) the District Court was not authorized to accept *in camera* the recommendation of the magistrate judge that the plea be accepted; (3) the District Court failed to hold a *Fatico* hearing to determine the loss amount that was reasonably foreseeable to him; and (4) the District Court should have granted Cayce's request to withdraw his plea. Only Cayce's challenge to the denial of his motion to withdraw his plea has merit.

Zachary Feingold (Lev L. Dassin, Acting United States Attorney, on the brief, Katherine Polk Failla, of counsel), Office of the United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Alexander E. Eisemann (James M. Schmitz, of counsel), New York, NY, for Defendant–Appellant.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, and EDWARD R. KORMAN, District Judge.**

## SUMMARY ORDER

Defendant-appellant Richard Cayce appeals from a judgment of conviction entered on July 23, 2008, following his plea of guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371.

First, Cayce's argument that, under Rule 59(a) of the Federal Rules of Criminal Procedure, he should have been allowed ten days to contest the recommendation of the magistrate judge is foreclosed by our holding in *United States v. Brumer* that the statutory objection period does not apply to recommendations that a plea be accepted. 528 F.3d 157, 160 (2d Cir.2008) (per curiam); *see also Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir.1998) (per curiam) (holding that 28 U.S.C. § 636(b)(3) "does not require the magistrate judge to submit proposed findings and recommendations" and "does not provide a party with ten days to file written objections with the district court"). Insofar as Rule 59(a) clarifies the procedures set forth in 28 U.S.C. § 636(b)(1), the holding of *Brumer* applies with equal force to Cayce's challenge here.

** The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

Second, Cayce argues that neither the District Court's acceptance of his guilty plea on the evening of July 7, 2006—by telephonic notification to the government—nor the District Court's July 10, 2006 endorsement of the transcript of the plea proceedings satisfies Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 does not specify any procedure that must be followed before a district court can accept the guilty plea of a defendant who allocuted before a magistrate judge. And nothing in Rule 11 prohibits the *in camera* review of plea proceedings before a magistrate judge, the oral acceptance of that plea, or the endorsement of a transcript as the means of showing that a plea has been accepted by the district court. Indeed, in *Brumer*, this Court approved of the acceptance of a guilty plea under similar circumstances, noting "defendants were not entitled to be present when the district judge reviewed the allocution transcripts and signed the orders accepting the pleas." 528 F.3d at 160. Accordingly, there is no basis to question the District Court's acceptance of Cayce's guilty plea.

Third, Cayce contends that the District Court erred by failing to hold a *Fatico* hearing to calculate the financial loss that was reasonably foreseeable to Cayce. "The district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes. All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations." *United States v. Phillips*, 431 F.3d 86, 93 (2d Cir.2005) (internal quotation marks omitted). At the sentencing hearing, Cayce argued that he could not reasonably foresee that his coconspirators in Atlanta would solicit and defraud victims on their own initiative. Under Cayce's reasoning,

he could be held responsible for losses incurred only by the victims that he referred to his coconspirators, and not for the losses incurred by victims his coconspirators found on their own. The District Court rejected this argument, asking "[d]id [Cayce] think [the Atlanta-based conspirators] w[ere] sitting on [their] hands? I doubt it. That doesn't seem to be a proper inference." J.A. 265–66. The District Court concluded that it was reasonably foreseeable to Cayce that the Atlanta-based coconspirators would also identify their own victims, and therefore losses incurred by those victims were reasonably foreseeable to Cayce. In light of the nature of Cayce's argument, there was no need for an evidentiary hearing.

Fourth, Cayce argues that he should have been allowed to withdraw his guilty plea as a matter of right under Rule 11(d)(1) (authorizing withdrawal before acceptance by the district court) or, in the alternative, pursuant to Rule 11(d)(2)(B), which authorizes withdrawal when "the defendant can show a fair and just reason for requesting the withdrawal."

Cayce could not have withdrawn his plea pursuant to Rule 11(d)(1), because the District Court accepted his plea prior to the filing of Cayce's motion to withdraw his plea. Cayce argues that his withdrawal motion was filed before the District Court docketed the endorsed transcript, but that is so only because the District Court "acceded to [Cayce's] request [that no further action be taken regarding the plea], and it was only for that reason that the administerial act of docketing had not taken place [prior to the filing of Cayce's motion]." J.A. 179. Both the District Court's oral acceptance and its endorsement of the transcript occurred prior to Cayce's request to withdraw his plea, and for that reason, Rule 11(d)(1) is inapplicable to his motion.

Pursuant to Rule 11(d)(2)(B), "[a] defendant may withdraw a plea of guilty ... after the court accepts the plea ... [if] the defendant can show a fair and just reason for requesting the withdrawal." The District Court determined that Cayce failed to make that showing, and it therefore denied his motion to withdraw the plea. This Court reviews that decision for abuse of discretion. *See e.g., United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008). Among the factors that a district court must weigh when deciding whether a defendant has shown a "fair and just reason" for withdrawal of his guilty plea are "(1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *Doe*, 537 F.3d at 210; *see also United States v. Rosen*, 409 F.3d 535, 546 (2d Cir.2005) (listing same factors); *United States v. Couto*, 311 F.3d 179, 185 (2d Cir.2002) (same). If the movant is unable to carry his burden of showing that a fair and just reason supports the withdrawal of his guilty plea, the district court need not reach the question of prejudice to the government. *See Rosen*, 409 F.3d at 546 (citing *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir.1992)).

The record in this case is too sparse to allow us to review the District Court's denial of Cayce's Rule 11(d)(2)(B) motion. With respect to the factors outlined above, the first two appear to weigh in favor of granting Cayce's motion: (1) The plea allocution before the magistrate judge took place on the afternoon of Friday, July 7, 2006, and Cayce moved to withdraw his plea on the morning of Monday, July 10—the next business day; (2) the basis for Cayce's motion was the assertion of a statute of limitations defense, which is a claim of legal—though not factual—innocence.

The third factor, prejudice to the government, is equally undeveloped in the record. The District Court concluded that the prejudice to the government was "so plain here" because, after multiple adjournments at the request of Cayce, the government would have to yet again "line up, inform, [and] call its witnesses ... from around the globe and to have those witnesses arrange their personal schedules in order to be present for the trial." J.A. 176. In order to mitigate this prejudice, Cayce offered to consent to a bench trial on stipulated facts: "I would stipulate to the acts described in Mr. Cayce's plea transcript. So the government would not have to prove that he engaged in conduct that constitutes the commission of this offense. The only question would be did he stop doing it at as certain point, and I think that could be done by an agreed-upon hearing before [the District Court]." J.A. 168. The District Court did not address Cayce's offer to stipulate to the relevant conduct and have a bench trial on his withdrawal defense. It is not clear from the record whether such a proceeding would mitigate the prejudice identified by the District Court or whether the same far-flung witnesses would be required to testify at such a proceeding to rebut Cayce's defense of withdrawal.

Accordingly, we lack a sufficient evidentiary record to review the District Court's denial of Cayce's Rule 11(d)(2)(B) motion. We therefore remand the case to the District Court for further proceedings on Cayce's motion.

## CONCLUSION

For the reasons stated above, we reject all of Cayce's arguments on appeal with the exception of his challenge to the denial of his Rule 11(d)(2)(B) motion, as to which

we REMAND the cause to the District Court for further proceedings consistent with this order.

The mandate shall issue forthwith.