MEMORANDUM **
Paul Hupp appeals pro se from the district court’s order denying his request to proceed in forma pauperis in his 42 U.S.C. § 1983 action alleging violations of his federal constitutional rights in connection with the denial of his admission to the California State Bar. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir.1998) (per curiam), and we affirm.
The district court did not abuse its discretion by denying Hupp’s in forma pau-peris application because Hupp sought to bring claims over which the court lacked subject matter jurisdiction and requested a writ of mandamus that the district court was not authorized to issue. See id. at 1115 (holding that district court did not abuse its discretion by denying in forma pauperis application where claims were barred by res judicata, lack of standing, and judicial immunity); Giannini v. Comm. of Bar Exam’rs, 847 F.2d 1434, 1435 (9th Cir.1988) (per curiam) (holding that district court lacked subject matter jurisdiction where bar applicant failed to appeal the Committee of Bar Examiners’ denial of his application to the California Supreme Court, because “[ujntil such review is completed, an applicant has no basis for any claim of deprivation under federal law because no deprivation has taken place”); Clark v. State of Washington, 366 F.2d 678, 681-82 (9th Cir.1966) (holding that “federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of them duties”).
Contrary to Hupp’s contentions, “a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action.... ” Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir.2002); see also Scholastic Entm’t, Inc. v. Fox Entm’t Group, Inc., 336 F.3d 982, 985 (9th Cir.2003) (“While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.”) (citation omitted).
Hupp’s remaining contentions are unavailing.
We deny Hupp’s motion to submit new evidence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.