**Allen WISDOM, Plaintiff—Appellant,**

v.

**State of NEVADA; et al., Defendants—Appellees.**

No. 08–15056.

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 2009.*

Filed July 31, 2009.

Allen Wisdom, Idaho City, ID, pro se.

Melanie Foster, Deputy District Attorney, Reno, NV, Daniel Wong, Esq., Office of the Nevada Attorney General, Ernest E. Adler, Kilpatrick, Johnston & Adler, Carson City, NV, Gregory Livingston, Scott A. Glogovac, Esq., Burton, Bartlett & Glogovac, Reno, NV, for Defendants–Appellees.

John Anthony Fetto, Concord, CA, pro se.

Eugene J. Wait, Jr., Esq., Reno, NV, pro se.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Allen Wisdom appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action on *Rooker–Feldman* grounds, among others. He also appeals from an order denying his request to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a jurisdictional dismissal under the *Rooker–Feldman* doctrine de novo. *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003). We review denial of a request for IFP status for an abuse of discretion. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir.1998) (per curiam). We affirm in part, reverse in part, and remand.

At the time that Wisdom filed this action in federal district court against defendants, including his former lawyers and members of the Nevada judiciary, Wisdom's state court action, arising out of the same facts and against some of the named defendants, was ongoing. Accordingly, the district court should have temporarily stayed Wisdom's action pursuant to the abstention doctrine developed in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (*Rooker–Feldman* bars "state-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court losers complaining of injuries caused by state-court *judgments rendered before the district court proceedings commenced,"* from asking district courts to review and reject those judgments) (emphasis added); *Gilbertson v. Albright,* 381 F.3d 965, 978–84 (9th Cir.2004) (en banc) (holding that a section 1983 action for damages that would have the practical effect of enjoining an ongoing state judicial proceeding should be stayed under *Younger* where the state proceeding implicates important state interest, and the plaintiff is not barred from litigating the federal issues in the state proceeding).

On remand, the district court should consider whether a judgment has entered in Wisdom's state court action, and whether that judgment precludes any of Wisdom's claims in this action. *See Exxon Mobil,* 544 U.S. at 293, 125 S.Ct. 1517 ("In parallel litigation, a federal court may be bound to recognize the claim—and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court."); *Kay v. City of Rancho Palos Verdes,* 504 F.3d 803, 808–09 (9th Cir.2007). If some claims remain, the district court should consider whether *Younger* applies to them.

The district court did not abuse its discretion by denying Wisdom's motion to proceed in forma pauperis after Wisdom paid the court filing fee. *See United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981) (per curiam).

We deny all pending motions.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**