FILED

**NOT FOR PUBLICATION**

OCT 12 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AZAEL DYTHIAN PERALES, | No. 10-56349 |
| Plaintiff - Appellant, | D.C. No. 8:10-cv-00542-DOC-MLG |
| v. | |
| CITY OF BUENA PARK and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

The motion to proceed in forma pauperis is granted.  The Clerk shall amend

the docket to reflect this status.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Azael Dythian Perales appeals pro se from the district court's order denying his application to proceed in forma pauperis in his action against the California Department of Motor Vehicles and the City of Buena Park alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and numerous other federal statutes. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). We affirm.

The district court did not abuse its discretion by denying the motion to proceed in forma pauperis because Perales failed to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam) (Eleventh Amendment bars suits in federal court for damages against a state or an arm of the state); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991) (RICO claims failed because government entities are incapable of forming a malicious intent).

We do not consider issues not adequately raised and argued in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Perales's remaining contentions are unpersuasive.

**AFFIRMED.**

2                                                           10-56349