**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| STEPHANIE McGEE, | No. 13-16131 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-03764-YGR |
| v. | |
| DEPARTMENT OF CHILD SUPPORT SERVICES, STATE OF CALIFORNIA STATE BUREAU OF CHILD SUPPORT ENFORCEMENT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Stephanie McGee appeals pro se from the district court's order denying her

leave to proceed in forma pauperis ("IFP") in her action concerning child support

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

payments.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's finding that it lacked subject matter jurisdiction, *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011), and for an abuse of discretion the district court's denial of leave to proceed IFP, *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).  We affirm.

The district court properly concluded that it lacked subject matter jurisdiction over McGee's action.  *See* 28 U.S.C. § 1332(a) (requiring complete diversity of citizenship); *K2 Am. Corp.*, 653 F.3d at 1029 (discussing requirements for federal question jurisdiction under 28 U.S.C. § 1331); *see also Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ." (citation and internal quotation marks omitted)).  Accordingly, the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit.  *See Minetti*, 152 F.3d at 1115 (concluding that district court did not abuse its discretion by denying IFP application where plaintiff lacked standing).

**AFFIRMED.**

13-16131