**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TODD ROY GIBBONS, | No. 13-35902 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-05189-BHS |
| v. | |
| HONORABLE BOB FERGUSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted April 7, 2015[**]

Before:    FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Todd Roy Gibbons appeals pro se from the district court's order denying

him leave to proceed in forma pauperis ("IFP") and dismissing his complaint

alleging that the United States, through Washington state agencies and actors,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, we deny Gibbons's request for oral argument by telephone set forth in his reply brief.

improperly diagnosed and treated his disabilities. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's finding that it lacked subject matter jurisdiction, *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001), and review for an abuse of discretion the district court's denial of leave to proceed IFP, *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). We affirm.

The district court properly concluded that it lacked subject matter jurisdiction over Gibbons's Federal Tort Claims Act ("FTCA") action because Gibbons failed to show that he exhausted his administrative remedies before filing the action. *See* 28 U.S.C. § 2675(a) (requiring that a federal agency first deny an administrative claim in writing or fail to make a final disposition of the claim within six months after it is filed); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (the filing of an administrative claim before filing an action under the FTCA is jurisdictional and "must be strictly adhered to" (citation and internal quotation mark omitted)). It follows that the district court did not abuse its discretion by denying Gibbons's request to proceed IFP. *See Minetti*, 152 F.3d at 1115 (concluding that district court did not abuse its discretion by denying IFP application where plaintiff lacked standing).

All pending motions are denied.

13-35902

**AFFIRMED.**