1 
2 
3 
4 
5 
6 
7 
8 UNITED STATES DISTRICT COURT 
9 FOR THE EASTERN DISTRICT OF CALIFORNIA 
10 
11 KIMBERLY R. OLSON, No. 2:22-cv-2018 KJM DB PS 
12 Plaintiff, 
13 v. ORDER 
14 HORNBROOK COMMUNITY 
 SERVICES DISTRICT, et al., 
15 
16 Defendants. 
17 
18 Plaintiff Kimberly R. Olson is proceeding in this action pro se. This matter was referred 
19 to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending 
20 before the Court are plaintiff’s complaint and motion to proceed in forma pauperis pursuant to 28 
21 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains that the defendants engaged in 
22 malicious prosecution. 
23 The Court is required to screen complaints brought by parties proceeding in forma 
24 pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 
25 2000) (en banc). Here, plaintiff’s complaint is deficient. Accordingly, for the reasons stated 
26 below, plaintiff’s complaint will be dismissed with leave to amend. 
27 //// 
28 //// 
1 I. Plaintiff’s Application to Proceed In Forma Pauperis 
2 Plaintiff’s in forma pauperis application makes the financial showing required by 28 
3 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma 
4 pauperis status does not complete the inquiry required by the statute. “‘A district court may deny 
5 leave to proceed in forma pauperis at the outset if it appears from the face of the proposed 
6 complaint that the action is frivolous or without merit.’” Minetti v. Port of Seattle, 152 F.3d 
7 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th 
8 Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th 
9 Cir. 2014) (“the district court did not abuse its discretion by denying McGee’s request to proceed 
10 IFP because it appears from the face of the amended complaint that McGee’s action is frivolous 
11 or without merit”); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) (“It is the duty of the 
12 District Court to examine any application for leave to proceed in forma pauperis to determine 
13 whether the proposed proceeding has merit and if it appears that the proceeding is without merit, 
14 the court is bound to deny a motion seeking leave to proceed in forma pauperis.”). 
15 Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of 
16 poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to 
17 state a claim on which relief may be granted, or seeks monetary relief against an immune 
18 defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an 
19 arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. 
20 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a 
21 complaint as frivolous where it is based on an indisputably meritless legal theory or where the 
22 factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e). 
23 To state a claim on which relief may be granted, the plaintiff must allege “enough facts to 
24 state a claim to relief that is plausible on its face.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 
25 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as 
26 true the material allegations in the complaint and construes the allegations in the light most 
27 favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. 
28 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 
1 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by 
2 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true 
3 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western 
4 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). 
5 The minimum requirements for a civil complaint in federal court are as follows: 
6 A pleading which sets forth a claim for relief . . . shall contain (1) a 
 short and plain statement of the grounds upon which the court’s 
7 jurisdiction depends . . . , (2) a short and plain statement of the claim 
 showing that the pleader is entitled to relief, and (3) a demand for 
8 judgment for the relief the pleader seeks. 
9 Fed. R. Civ. P. 8(a). 
10 II. Plaintiff’s Complaint 
11 Plaintiff’s complaint fails to contain a short and plain statement of a claim showing that 
12 plaintiff is entitled to relief. In this regard, the complaint alleges that “[t]his is an action for 
13 malicious prosecution and related claims.” (Compl. (ECF No. 1) at 1.) According to the 
14 complaint, in June of 2014, after plaintiff “filed a ‘Brown Act’ action” against the defendants, the 
15 defendants “initiated a series of punitive actions against plaintiff,” which included “maliciously 
16 fling a baseless, wrongful, civil action containing knowingly false claims against her without 
17 probable cause[.]” (Id. at 1-2.) “Defendants maintained the action against Plaintiff for over six 
18 years before voluntarily and unilaterally, dismissing it on November 11, 2020.” (Id. at 2.) 
19 “Malicious prosecution consists of initiating or procuring the arrest and prosecution of 
20 another under lawful process, but from malicious motives and without probable cause . . . . The 
21 test is whether the defendant was actively instrumental in causing the prosecution.” Sullivan v. 
22 County of Los Angeles, 12 Cal.3d 710, 720 (Cal. 1974). To prevail on a § 1983 claim of 
23 malicious prosecution, the plaintiff must show that the defendant prosecuted plaintiff: (1) with 
24 malice; (2) without probable cause; and (3) “‘[f]or the purpose of denying [plaintiff] equal 
25 protection or another specific constitutional right.’” Awabdy v. City of Adelanto, 368 F.3d 1062, 
26 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)); 
27 see also Lassiter v. City of Bremerton, 556 F.3d 1049, 1054-55 (9th Cir. 2009)(“[p]robable cause 
28 is an absolute defense to malicious prosecution”). “Further, because the state tort common law 
1 has been incorporated into the elements of a § 1983 malicious prosecution claim, a plaintiff must 
2 generally show that the prior prosecution terminated in a manner that indicates innocence, i.e. a 
3 favorable termination.” Mazzetti v. Bellino, 57 F.Supp.3d 1262, 1268 (E.D. Cal. 2014) (citing 
4 Awabdy, 368 F. 3d at 1066-68). 
5 Here, the complaint contains no allegations implicating plaintiff’s arrest. Instead, it 
6 appears that the complaint concerns allegations that the defendants wrongfully initiated a civil 
7 action against plaintiff. To state such a claim plaintiff must establish that: (1) the defendants were 
8 actively involved in bringing a lawsuit against plaintiff; (2) the lawsuit ended in plaintiff’s favor; 
9 (3) no reasonable person in defendants’ position would have believed there were reasonable 
10 grounds to bring the lawsuit; (4) defendants acted primarily for a purpose other than succeeding 
11 on the merits; and (5) defendants’ conduct was a substantial factor in causing harm to plaintiff. 
12 See Acres Bonusing, Inc. v. Ramsey, Case No. 19-cv-5418-WHO, 2022 WL 17170856, at *5 
13 (N.D. Cal. Nov. 22, 2022). 
14 The complaint’s allegations, however, are too vague and conclusory to state the elements 
15 of a claim. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a 
16 complaint must give the defendant fair notice of the plaintiff’s claims and must allege facts that 
17 state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. 
18 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). “A pleading that offers ‘labels 
19 and conclusions’ or ‘a formulaic recitation of the elements of cause of action will not do.’ Nor 
20 does a complaint suffice if it tenders ‘naked assertions’ devoid of ‘further factual 
21 enhancements.’” Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 
22 557). A plaintiff must allege with at least some degree of particularity overt acts which the 
23 defendants engaged in that support the plaintiff’s claims. Jones, 733 F.2d at 649. 
24 Moreover, establishing that the prior lawsuit ended in plaintiff’s favor requires a showing 
25 that the termination reflects “the merits of the action and the plaintiff’s innocence of the 
26 misconduct alleged in the lawsuit.” Siebel v. Mittlesteadt, 41 Cal.4th 735, 741 (Cal. 2007). A 
27 “technical or procedural termination” does not satisfy this requirement. Casa Herrera, Inc. v. 
28 Beydoun, 32 Cal.4th 336, 342 (Cal. 2004). Here, the complaint does not establish that the action 
1 terminated on the merits in plaintiff’s favor. Instead, the complaint alleges the action was 
2 “unilaterally dismissed” by the defendants. (Compl. (ECF No. 1) at 23.) 
3 The complaint also alleges that the defendants violated several of plaintiff’s rights 
4 protected by the Constitution “[i]n filing the Action against Plaintiff” in 2014. (Id.) 42 § 1983 
5 provides that, 
6 [e]very person who, under color of [state law] ... subjects, or causes 
 to be subjected, any citizen of the United States ... to the deprivation 
7 of any rights, privileges, or immunities secured by the Constitution 
 and laws, shall be liable to the party injured in an action at law, suit 
8 in equity, or other proper proceeding for redress. 
9 § 1983 does not contain a specific statute of limitations. “Without a federal limitations period, 
10 the federal courts ‘apply the forum state’s statute of limitations for personal injury actions, along 
11 with the forum state's law regarding tolling, including equitable tolling, except to the extent any 
12 of these laws is inconsistent with federal law.’” Butler v. National Community Renaissance of 
13 California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 
14 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). 
15 Effective January 1, 2003, in California that limitations period became two years. See Cal. Code 
16 Civ. P. § 335.1. 
17 II. Leave to Amend 
18 For the reasons stated above, plaintiff’s complaint must be dismissed. The undersigned 
19 has carefully considered whether plaintiff may amend the complaint to state a claim upon which 
20 relief can be granted. “Valid reasons for denying leave to amend include undue delay, bad faith, 
21 prejudice, and futility.” California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 
22 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass’n v. Klamath Med. Serv. Bureau, 
23 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the 
24 court does not have to allow futile amendments). 
25 However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff 
26 may be dismissed “only where ‘it appears beyond doubt that the plaintiff can prove no set of facts 
27 in support of his claim which would entitle him to relief.’” Franklin v. Murphy, 745 F.2d 1221, 
28 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. 
1 Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (“Dismissal of a pro se complaint without leave to 
2 amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be 
3 cured by amendment.”) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 
4 1988)). 
5 Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend 
6 would be futile. Plaintiff’s complaint will therefore be dismissed, and plaintiff will be granted 
7 leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file 
8 an amended complaint “the tenet that a court must accept as true all of the allegations contained 
9 in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause 
10 of action, supported by mere conclusory statements, do not suffice.” Ashcroft, 556 U.S. at 678. 
11 “While legal conclusions can provide the complaint’s framework, they must be supported by 
12 factual allegations.” Id. at 679. Those facts must be sufficient to push the claims “across the line 
13 from conceivable to plausible[.]” Id. at 680 (quoting Twombly, 550 U.S. at 557). 
14 Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an 
15 amended complaint complete. Local Rule 220 requires that any amended complaint be complete 
16 in itself without reference to prior pleadings. The amended complaint will supersede the original 
17 complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, 
18 just as if it were the initial complaint filed in the case, each defendant must be listed in the caption 
19 and identified in the body of the complaint, and each claim and the involvement of each 
20 defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file 
21 must also include concise but complete factual allegations describing the conduct and events 
22 which underlie plaintiff’s claims. 
23 CONCLUSION 
24 Accordingly, IT IS HEREBY ORDERED that: 
25 1. The complaint filed November 8, 2022 (ECF No. 1) is dismissed with leave to 
26 amend. 
27 2. Within twenty-eight days from the date of this order, an amended complaint shall be 
28 filed that cures the defects noted in this order and complies with the Federal Rules of Civil 
1 Procedure and the Local Rules of Practice.1 The amended complaint must bear the case number 
2 assigned to this action and must be titled “Amended Complaint.” 
3 3. Failure to comply with this order in a timely manner may result in a recommendation 
4 that this action be dismissed.2 
5 DATED: April 12, 2023 /s/ DEBORAH BARNES 
 UNITED STATES MAGISTRATE JUDGE 
6 
7 
8 
9 
10 
11 
12 
13 
14 
15 
16 
17 
18 
19 
20 
21 
22 
23 
24 
25 

26 
 1 Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of 
 voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. 
27 
 2 Plaintiff need not file another application to proceed in forma pauperis at this time unless 
28 plaintiff’s financial condition has improved since the last such application was submitted.